**Ramsis GHALY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 01–3357, 01–4236.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

## OPINION

GILMAN, Circuit Judge.

Ramsis Ghaly, M.D., appeals two denials by the Board of Immigration Appeals (BIA) to reconsider and reopen his deportation proceedings. These denials occurred on March 8, 2001 and October 26, 2001. The BIA denied the first motion on the basis that Ghaly had engaged in a pattern of violating the immigration laws, and denied the second motion because it was barred as a successive motion to reopen under 8 C.F.R. § 3.2(c)(2). As to Ghaly's claim for relief under the Convention Against Torture (CAT), the BIA ruled that the claim was time-barred pursuant to 8 C.F.R. § 208.18(b). Ghaly argues that the BIA abused its discretion by refusing to reconsider and reopen his deportation proceedings. For the reasons set forth below, we **DENY** the petition for review.

## I. BACKGROUND

### A. Factual background

Dr. Ramsis Ghaly is a native and citizen of Egypt. He originally entered the United States as a nonimmigrant visitor for pleasure on November 5, 1984, with authorization to remain until November 4, 1985. Ghaly married Ann Marie Wagner, a United States citizen, on July 30, 1985. Although Wagner applied for immediate relative-visa status on Ghaly's behalf, the application was later withdrawn, and Wagner and Ghaly were divorced on January 28, 1986. During an interview with the INS in 1986, Wagner said that she had received payment as an inducement to marry Ghaly. Based on this interview and their investigation, the INS determined that Ghaly's marriage to Wagner was a

sham. The INS served Ghaly on March 4, 1986 with an order to show cause why he should not be deported. Much of the substance of Ghaly's petitions to this court involve allegations of procedural irregularities and due process violations concerning these initial deportation proceedings.

On January 26, 1987, the immigration judge ordered Ghaly deported to Egypt *in absentia,* based on Ghaly's failure to appear at the hearing scheduled for that date. Ghaly appealed this decision to the BIA on February 2, 1987. On May 1, 1992, the BIA dismissed Ghaly's appeal and denied his motion to remand to the immigration judge. The BIA held that Ghaly had not demonstrated reasonable cause for his failure to appear, that the immigration judge properly found him deportable, and that the immigration judge did not err in denying Ghaly's application for voluntary departure. Ghaly never appealed the BIA's May 1, 1992 decision to this court.

Ghaly has also been involved in other immigration proceedings. Both the Northwestern Medical Faculty Foundation and the University of Illinois at Chicago filed employment-based visa petitions pursuant to 8 U.S.C. § 1153(b)(2) on behalf of Ghaly. These petitions were initially approved, but later revoked by the INS as a result of marriage fraud. Ghaly pursued appeals on these matters in the United States District Court for the Northern District of Illinois and in the United States Court of Appeals for the Seventh Circuit. Both courts upheld the INS's ruling on the grounds that the decision to revoke Ghaly's petitions was based upon substantial evidence, and that the record established that Ghaly had entered into a fraudulent marriage. *Ghaly v. INS,* 48 F.3d 1426, 1432–35 (7th Cir.1995); *Ghaly v. INS,* 1994 WL 171414 (N.D.Ill.1994).

Ghaly subsequently married Mona Habek, a native of Egypt and a legal resident alien, in May of 1986. There is less evidence in the record concerning this marriage. Habek, however, apparently referred to her marriage to Ghaly as a sham and a fraud. The Seventh Circuit's opinion mentioned this second marriage, but the court relied primarily on Ghaly's marriage to Wagner in reaching its decision. *Ghaly,* 48 F.3d at 1433.

## B. Procedural background

The current litigation results from a motion to reopen Ghaly's deportation proceedings filed with the BIA on April 21, 1995, and a second motion to reopen and reconsider filed on April 3, 2001. On March 8, 2001, the BIA denied Ghaly's first motion after examining all the evidence of Ghaly's previous immigration proceedings and determining that a pattern of noncompliance had been established. Further, the BIA noted that Ghaly had delayed filing his motion for almost three years, but then filed it only two weeks after receiving an order to appear for deportation.

The BIA denied Ghaly's second motion on October 26, 2001. Because the second motion was deemed a successive motion to reopen his proceedings pursuant to 8 C.F.R. § 3.2(c)(2), the BIA concluded that it was number-barred (i.e., in general, an alien is permitted to file only one motion to reopen) and not within any of the exceptions permitting the filing of more than one motion to reopen. Finding no error in its first denial of the motion to reopen, the BIA denied the motion to reconsider. The BIA also held that Ghaly's CAT claim was not timely. Ghaly appeals the denial of both motions, arguing that the BIA abused its discretion in so ruling.

## II. ANALYSIS

### A. Standard of review

The BIA's denial of a motion to reopen or reconsider deportation proceedings is reviewed using an "abuse of discretion" standard. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Ashki v. INS*, 233 F.3d 913, 917 (6th Cir. 2000). "In determining whether the Board abused its discretion, this Court must decide whether the denial of Petitioner's motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir.1982).

### B. The BIA did not abuse its discretion by denying Ghaly's motions to reopen and reconsider

Ghaly's petitions boil down to two basic arguments. First, Ghaly argues that the BIA did not properly consider the record before it–consisting of Ghaly's underlying deportation proceedings, the new evidence he produced challenging the findings of the Seventh Circuit regarding his alleged sham marriages, and the adverse conditions in Egypt for Coptic Christians such as himself–when denying his two motions to reopen his deportation proceedings. Second, he argues that the BIA erroneously dismissed his claim under the CAT as untimely. Each of these arguments is considered below.

#### 1. The BIA properly considered the record and concluded that Ghaly had engaged in a practice of violating the immigration laws

In his appeal on the first motion to reopen, Ghaly argues that the BIA abused its discretion by denying the motion on the basis that he had a history of immigration violations. Ghaly attacked the underlying proceedings in both his initial deportation hearing and in his employment-related visa matters that ended up in the Seventh Circuit. But to the extent that Ghaly makes a substantive attack on these underlying proceedings to this court, he both misinterprets the BIA's decision and attempts to appeal matters that are not properly before us.

In holding that Ghaly had engaged in a pattern of violating the immigration laws, the BIA made the following findings based on the record before it:

(1) that Ghaly was allowed to enter the country as a visitor, and he elected to remain longer than permitted; (2) that Ghaly failed to appear for his final hearing before the immigration judge in 1987; (3) that Ghaly never established reasonable cause to excuse his absence; and (4) that Ghaly committed a significant violation of the immigration laws by engaging in a sham marriage.

March 8, 2001 Decision of the BIA at 4 (internal quotation marks omitted). Ghaly attacks these findings by pointing out all of the alleged errors in the previous rulings.

■ First, as to his underlying deportation proceeding, Ghaly never appealed the BIA's May 1, 1992 decision to this court. There is also ample evidence in the record to support the specific findings of the BIA that Ghaly failed to appear at his final hearing and never established reasonable cause to excuse his absence.

As to the finding regarding Ghaly's sham marriages, Ghaly primarily argues that the BIA did not consider his new evidence on this issue. Ghaly produced a 1995 affidavit from Wagner, recanting her earlier admissions and claiming that her marriage to Ghaly was not a sham. But the BIA *did* consider this evidence, as did the Seventh Circuit in its previous litiga-

tion on this issue. Specifically, the BIA found that the affidavit was "not persuasive in light of the past litigation on this issue, which included consideration of a 1992 statement by Wagner that her marriage was not a sham." March 8, 2001 Decision of the BIA at 4. In addition, the 1995 affidavit from Wagner in no way mitigates Ghaly's alleged sham marriage to Habek. Ghaly also inexplicably argues that the BIA applied principles of "res judicata and/or collateral estoppel to bar reopening of this case." There is simply no basis for this argument as applied to the BIA's decision.

### 2. Ghaly's second motion to reopen is barred pursuant to 8 C.F.R. § 3.2(c)(2)

Regarding Ghaly's second motion to reopen, the BIA properly concluded that it was a successive motion barred pursuant to 8 C.F.R. § 3.2(c)(2), and that it did not fall under one of the exceptions to that rule. Ghaly alleged that his second motion was made under the exception that allows a petitioner "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality ..., if such evidence is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2(c)(3)(ii).

█ The BIA questioned why Ghaly had not expressed concern with the persecution of Coptic Christians before, and determined that he had not shown that conditions had substantially changed in recent years so as to justify the timing of his motion to reopen. It found that although the evidence does show that Coptic Christians are discriminated against in Egypt, there was evidence of such discrimination dating back to at least 1987 when Ghaly had his initial deportation hearing. The record also reflects that Ghaly's brother, himself a physician and a Coptic Christian, has been able to successfully engage in his profession while living in Egypt. Because Ghaly had put forth substantially the same arguments and evidence in his first motion to reopen, the BIA did not abuse its discretion in denying his second motion.

### C. The BIA properly denied Ghaly's claim for relief under the Convention Against Torture

█ Finally, Ghaly's second motion to reopen and reconsider was based in part upon a claim for relief under the CAT. The BIA held that this claim was untimely. Pursuant to 8 C.F.R. § 208.18(b)(2), an alien under an order of deportation that became final prior to March 22, 1999 was given a limited period of time to move to reopen the proceedings for the sole purpose of seeking relief under the CAT. The motion had to be filed by June 21, 1999. Ghaly did not file his motion until April 3, 2001. We therefore conclude that the BIA did not abuse its discretion in determining that Ghaly's CAT motion was not timely filed.

### IV. CONCLUSION

For all of the reasons set forth above, we **DENY** the petition for review.